```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```

JAMAR JONES, 06-B-0358,

        Petitioner,

           v.

JAMES CONWAY,
State of New York,

        Respondent.

**ORDER**
09-CV-6045(MAT)

## I. Introduction

Petitioner Jamar Jones ("petitioner") has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction in Erie County Court of Murder in the Second Degree (N.Y. Penal L. § 125.25(1)), Attempted Murder in the Second Degree (N.Y. Penal L. §§ 110.00, 125.25(1)), Assault in the Second Degree (N.Y. Penal L. § 120.10(1)), and Criminal Possession of a Weapon in the Second Degree (former N.Y. Penal L. § 265.03(2)) following a jury trial before Judge Shirley Troutman.

## II. Factual Background and Procedural History

On May 2, 2005, petitioner shot at Courtney Meadows ("Meadows" and James Webster ("Webster") following a confrontation. Meadows was shot in the head, the back, and twice in the chest, and subsequently died from his injuries. Webster survived the attack, and testified at petitioner's trial. Two witnesses to the shooting, Ronald Showers and Nathaniel Harris, identified petitioner in a police photo array and also testified for the prosecution. Trial

Tr. 377-79, 388, 400-05, 463-70, 472, 553, 646, 654, 650; Wade Hr'g Tr. 7-8, 18, 28-29.

Petitioner was sentenced on January 18, 2006, to aggregate terms of imprisonment totaling 50 years to life. Sentencing Tr. 9-10.

Through counsel, petitioner filed a brief with the Appellate Division, Fourth Department, in which he raised the following points for appeal: (1) the trial court denied petitioner a fair trial by allowing the prosecution to prove uncharged crimes; (2) petitioner was denied a fair trial when the court allowed the prosecution to introduce prejudicial photographs into evidence; (3) the pre-trial identification procedure was unduly suggestive; and (4) the sentence was unduly harsh and excessive. See Pet'r Appellate Br. The Appellate Division unanimously affirmed the judgment of conviction on September 28, 2007. People v. Jones, 43 A.D.3d 1296 (4th Dept. 2007), lv. denied, 9 N.Y.3d 991 (2007).

This habeas petition followed in which petitioner has asserted the following grounds for relief: (1) denial of a fair trial by the trial court's ruling allowing evidence of uncharged crimes; (2) denial of a fair trial by the admission of inflammatory photographs; and (3) denial of due process by an unduly suggestive pre-trial photo array.[1] (Dkt.#1). Respondent answered the petition

---

[1] Although the petition contains a fourth ground, it does not state a ground for relief. Rather, it refers the Court to petitioner's brief on appeal for the applicable grounds for relief. See Petition, ¶ 12, Ground Four.

2

and submitted a memorandum of law. (Dkt.##7, 8). Petitioner then filed a motion for an extension of time to file a motion to stay the habeas proceedings. (Dkt.#9). Shortly thereafter, petitioner filed a series of motions with the Court, the first requesting an enlargement of time to file his memorandum of law in support of the habeas petition. (Dkt.#10). The next motion requested that the Court hold his petition in abeyance in order for petitioner to return to state court to exhaust unexhausted claims of ineffective assistance of counsel. (Dkt.#11). Petitioner also moved to amend his petition to add additional claims. In conjunction with that motion, petitioner attached a proposed amended petition containing sixteen grounds for relief, all alleging various infirmities in both his trial and appellate counsel's performance. (Dkt.#12).

For the reasons that follow, petitioner's motion to extend his time to file a memorandum of law (Dkt.#10) is granted. Petitioner's motions to invoke the stay-and-abeyance procedure and to amend the petition (Dkt.##11, 12) are denied, and the motion for an extension of time to file a motion for a stay (Dkt.#9) is denied as moot.

**III. Discussion**

    **A.    Leave to Amend**

Where, as here, a petitioner seeks to add new claims to his habeas petition once the statute of limitations under 28 U.S.C. § 2244(d)(1), has expired, the petitioner is required to show that the amendments "relate back" to the claims in the original

3

petition. Fed.R.Civ.P. 15(a); Fama v. Commissioner of Corr. Servs., 235 F.3d 804, 816 (2d Cir. 2000). An amendment relates back if the claim that is sought to be added "arose out of the conduct, transaction, or occurrence set forth" in the original petition. Fed. R. Civ. P. 15(c)(2). In making this determination, the court must find that the original petition "gave the defendant fair notice of the newly alleged claims." Id. (citing Wilson v. Fairchild Republic Co., 143 F.3d 733, 738 (2d Cir. 1998)). In Mayle v. Felix, 545 U.S. 644, 656 (2005), the Supreme Court rejected the proposition that a petitioner's "trial, conviction, or sentence" constitute the "conduct, transaction, or occurrence" contemplated by Rule 15. To hold otherwise, the Supreme Court found, would mean that all proposed amendments would "relate back" for purposes of Rule 15(c). Id. at 657 ("[V]irtually any new claim introduced in an amended petition will relate back, for federal habeas claims, by their very nature, challenge the constitutionality of a conviction or sentence, and commonly attack proceedings anterior thereto.") (citation omitted). Instead, the Supreme Court elected to limit the definition of "conduct, transaction, or occurrence" as follows: "So long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order." Id. A proposed amendment, however, will not "relate back" to the date of the original petition "when it asserts a new ground for relief supported by facts that *differ in both time and type*

from those the original pleading set forth." Id. at 650 (emphasis supplied).

Petitioner argues that five of his new claims alleging ineffective assistance of counsel[2] "relate back" to the first ground of the original petition, which alleged that he was denied a fair trial by the introduction of his uncharged crimes. (Dkt.#11, pp. 25-26). According to petitioner, his trial attorney deprived him of effective assistance of counsel for failing to object and request curative instructions regarding the introduction of uncharged crimes, an argument not presented in petitioner's direct appeal or in the original habeas petition.[3] Petitioner now attempts to argue here that his *appellate* counsel was ineffective for failing to argue trial counsel's ineffectiveness in connection with issue of the admission uncharged crimes. To that end, I find

---

[2] The relevant claims are as follows: (1) appellate counsel was ineffective for failing to raise the issue of ineffective assistance of trial counsel on appeal, on the basis that trial counsel failed to request a curative instruction regarding the introduction of uncharged crimes (Ground Five); (2) appellate counsel was ineffective for failing to raise ineffective assistance of trial counsel on appeal, on the basis that trial counsel failed to object to the prosecutor's inflammatory remarks on summation (Ground Six); (3) appellate counsel was ineffective for failing to raise ineffective assistance of trial counsel on appeal, on the basis that trial counsel failed to request a curative instruction regarding the prosecutor's improper comments (Ground Eleven); (4) appellate counsel was ineffective for failing to raise ineffective assistance of trial counsel on appeal, on the basis that trial counsel failed to object to impermissible hearsay testimony regarding uncharged crimes (Ground Twelve); and (5) the cumulative weight of counsel's errors deprived petitioner of a fair trial (Ground Nineteen). (Dkt. #12, pp. 1-6).

[3] I note that petitioner's ineffective assistance of trial claim would itself be procedurally defaulted because he did not raise it on direct appeal and the factual predicate for the claim was available on the record. See N.Y. Crim. Proc. L. § 440.10(2)(c).

that petitioner's new claims are too remote from the original substantive challenge to the admission of uncharged crimes, and they therefore do not relate back. Kidkarndee v. Graham, No. 09 Civ. 5177(RMB)(JCF), 2010 WL 3466574, *2 (S.D.N.Y. Aug. 27, 2010) (citing Rodriguez v. Burge, No. 9:07-CV-0217, 2010 WL 2803571, at *5 (N.D.N.Y. June 25, 2010) (finding that ineffective assistance of trial and appellate counsel claims did not relate back to substantive claims); Cotton v. Burge, No. 08-CV-453S, 2009 WL 3165868, at *3-4 (W.D.N.Y. Sept.26, 2009) (denying amendment to add ineffective assistance of counsel claim as not relating back to substantive claims; denying stay)).[4] Accordingly, petitioner's ineffective assistance of appellate counsel claims are time-barred and any amendment to include such claims would be futile. See Jones v. N.Y. State Div. of Military and Naval Affairs, 166 F.3d 45, 50 (2d Cir. 1999).

I conclude that it would be an abuse of discretion to permit post-answer amendment of the petition to add the ineffective assistance of appellate counsel claims, and petitioner's request (Dkt. #12) is denied.

**B. Stay-and-Abeyance**

---

[4] Petitioner's remaining fourteen claims in the proposed amended petition, which are largely duplicative of one another, are clearly not of the same "time and type" as those contained in the original petition and do not warrant discussion here. See Mayle, 545 U.S. at 650.

Petitioner's application for invocation of the stay and abeyance procedure must be denied for his failure to fulfill the requirements set forth in Rhines v. Weber, 544 U.S. 269 (2005).

The Second Circuit adopted a "stay and abeyance" procedure for petitions presenting exhausted and unexhausted claims. Zarvela v. Artuz, 254 F.3d 374, 379-82 (2d Cir. 2001). The Supreme Court endorsed this procedure in Rhines v. Weber, but held that it should be available only in limited circumstances: (1) a stay should not be granted where the unexhausted claim is "plainly meritless"; (2) "stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court"; (3) a "mixed petition should not be stayed indefinitely," and "district courts should place reasonable time limits on a petitioner's trip to state court and back"; and (4) "if a petitioner engages in abusive litigation tactics or intentional delay, the district court should not grant him a stay at all." Rhines, 544 U.S. at 277-78.

Petitioner contends that he had good cause for failing to exhaust his claims in state court because the Erie County District Attorney and the Erie County Sheriff's Department "refused to release" unspecified documents to petitioner following requests he made pursuant to the New York Freedom of Information Law. (Dkt.#11, p.23). However, petitioner's submissions indicate that the Erie County District Attorney retrieved 671 documents relating to

petitioner's files that would be made available to him upon payment of the appropriate copying fees. The District Attorney noted that certain items were exempt from disclosure. (Dkt.#10, p.12).

Petitioner does not specify what additional documents he sought nor how they would assist in his preparation of an application for *error coram nobis* in state court. Rather, he makes the conclusory allegation that said documents were necessary for "researching and effectively presenting this Federal Habeas Corpus petition as well as any other post conviction motions." (Dkt.#11, p. 24). Accordingly, petitioner cannot establish "good cause" for his failure to exhaust his claim of ineffective assistance of appellate counsel.[5] See, e.g., Almonte v. Lape, No. 05 Civ.1995(KMW), 2007 WL 586631, *3 (S.D.N.Y. Feb. 22, 2007)("[Petitioner's] explanation for his failure to pursue this argument on appeal is that he lacked 'additional documents which had just entered Petitioner[']s possession since the filing of his habe[a]s corpus petition.' This explanation does not constitute good cause for his failure to appeal, because Petitioner neither states what these 'additional documents' are nor explains why he lacked access to them at the time of appeal.").

I therefore find that petitioner has not established good cause under Rhines, and his motion for a stay in order to exhaust

---

[5] It is worth reiterating that all documents to which petitioner was entitled were, in fact, made available to him subject to the payment of applicable copying fees.

8

his ineffective assistance of appellate counsel claims (Dkt.#11) should be denied.

### C. Enlargement of Time

Insofar as petitioner seeks additional time to file a memorandum of law in support of his petition, petitioner's motion (Dkt.#10) is granted. Petitioner is directed to file his memorandum of law no later than January 24, 2011.

## IV. Conclusion

As discussed above, I find that petitioner is not entitled to a stay-and-abeyance, and I deny the motion to hold the petition in abeyance (Dkt. # 11) with prejudice. His motion to extend his time to file a motion for stay (Dkt.# 9) is denied as moot.

Further, petitioner's motion to amend his habeas petition (Dkt.#12) is denied.

With respect to petitioner's motion seeking an enlargement of time to file his memorandum of law (Dkt.#10), such motion is granted, and petitioner shall file his memorandum of law no later than January 27, 2011.

**SO ORDERED.**

S/Michael A. Telesca

_____
MICHAEL A. TELESCA
United States District Judge

Dated:   December 29, 2010
         Rochester, New York